IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 08-cv-01050-MSK-MJW

CAROLE E. JENKINS, et al.,

Plaintiff(s),

v.

PROCTOR & GAMBLE,

Defendant(s).

MINUTE ORDER

ENTERED BY MAGISTRATE JUDGE MICHAEL J. WATANABE

      It is hereby **ORDERED** that Defendant's Motion for Leave to Designate Non-Parties at Fault (docket no. 27) is **GRANTED**. Defendant shall have up to and including March 30, 2009, to designate any non-parties pursuant to § 13-21-111.5 (3)(a), C.R.S. The Pro Se Plaintiff alleges in this lawsuit that her husband, Steven Bollinger, died from kidney failure as a result of ingesting Pepto Bismol, a product manufactured by Defendant Procter & Gamble Distributing, LLC. *See* Amended Complaint filed June 18, 2008.

      The Pro Se Plaintiff previously filed numerous cases with this court. *See* case nos. 08-cv-01048-ZLW, 08-cv-10049-ZLW, 08-cv-01050-MSK-MJW, 08-cv-01051-ZLW, 08-cv-01068-ZLW, and 08-cv-01069-ZLW. In these previously lawsuits, the Pro Se Plaintiff alleged, *in essence*, that the death of her husband, Steven Bollinger, was caused by poisoning and/or over-medicating. Based upon these averments in these previous lawsuits, good cause has been established to allow Defendants to designate non-parties at fault pursuant to § 13-21-111.5 (3)(a), C.R.S. noting that the court, in its discretion, has the authority to allow a defending party to designate a non-party at fault at any "necessary" point. *See* <u>Great Northern Ins., Co. v. Great Indoors</u>, 2007 WL 184683 (D. Colo. 2007).

Date:    January 29, 2009